**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                      Case No. 06-cr-165-01-PB

<u>Anthony Frith</u>

**O R D E R**

The defendant, Anthony Frith, moved for court appointed counsel to assist him in the pursuit of a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("2010 Fair Sentencing Act") (document no. 48). The defendant subsequently filed a pro se motion for a sentence reduction based on the amendment to the 2010 Fair Sentencing Act (document no. 49). That amendment was given retroactive effect on November 1, 2011. For the reasons stated below, both the motion to appoint counsel and to reduce sentence are DENIED.

On August 3, 2010, Congress enacted the Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the 2010 Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug

Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010.  *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010).  On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u).  Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine offenses and made related revisions to Application Note 10 to §2D1.1.  Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1.  On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in

sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, the defendant is not eligible to seek a reduced sentence under this amendment.

On August 20, 2007, the defendant pled guilty to one (1) count of Distribution of Cocaine, in violation of 21 U.S.C. § 841(a), and three (3) counts of Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a). The government agreed to dismiss Count II, Distribution of Cocaine and Count VI, Possession of a Firearm in Furtherance of Drug Trafficking. In addition, the plea agreement contained a non-binding stipulation that neither side would seek a departure.

Based on the offenses and quantities of drugs involved, and after applying a two level increase for possession of a dangerous weapon and a three level reduction for acceptance of responsibility, the total offense level was 25 and the advisory guideline range was 84 to 105 months. At sentencing, the court gave a one level criminal history departure and sentenced the defendant to 70 months imprisonment.

On this record, the defendant is not entitled to a sentence reduction based on the retroactive application of the crack cocaine amendment. Applying the amendment in this case, the defendant receives a two level reduction in his base offense level, from level 26 to level 24, thereby reducing his total offense level from 25 to 23. As a result, his amended guideline range becomes 70 to 87 months.

The defendant originally received a sentence of 70 months, which is at the lowest end of the new range based on the retroactive application of the crack cocaine amendment. Pursuant to USSG §1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" as determined under the permanent guideline amendment. The only exception to this provision involves a defendant who received a lower sentence based on having provided substantial assistance to the government, which is not applicable here. Thus, no further reduction in the defendant's sentence is warranted.

4

For the foregoing reasons, the defendant's request for the appointment of counsel (document no. 48) and motion to reduce sentence (document no. 49) are DENIED.

**SO ORDERED.**

Date: December 13, 2011         /s/ Paul Barbadoro
                                Paul J. Barbadoro
                                United States District Judge


cc:   Anthony Frith, pro se
      Counsel of Record